## Commonwealth *v.* Lewis, Appellant.

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Marvin F. Galfand,* for appellant.

*Fortunata Musto* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 9, 1970:

On October 27, 1965, James Henry Lewis pleaded guilty generally to an indictment charging him with murder. After the taking of testimony before a three-judge court, he was adjudged guilty of murder in the first degree, and a sentence of life imprisonment was imposed. Throughout the proceedings Lewis was represented by able counsel. No appeal was entered from the judgment.

In August and October 1968, Lewis filed petitions pro se seeking post-conviction relief. Counsel was appointed to represent him in these proceedings. A hearing was held on May 28, 1969, and an order was subsequently entered denying relief. In this order, the hearing court ruled that the allegations of the petitions then before the court were without merit, but granted leave to Lewis to file an amended petition within ten days if he so desired.[1]

---

[1] This was probably prompted by the fact that at the hearing on May 28, 1969, counsel for Lewis attempted to argue grounds for relief which were not asserted in the petitions.

Lewis immediately filed an appeal from this order pro se. Later, but within ten days of the court's order granting leave to amend, a new petition was filed. This included, inter alia, a new allegation, namely, that the 1965 guilty plea was primarily motivated by an unconstitutionally secured confession. When this petition came on for hearing, the court correctly ruled that it was without jurisdiction to proceed because of the appeal pending in this Court.

We deem it unwise to consider the merits of Lewis' claim for relief piecemeal. We will, therefore, remand the record to the lower court with instructions to proceed to determine the merits of the petition still unresolved below. If this is decided adversely to Lewis, he may then file a new appeal without prejudice to his right to raise the assignments of error he presently asserts.

It is so ordered.