Commonwealth *v.* Lewis, Appellant.

Submitted January 5, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Marvin F. Galfand,* and *Dragon, Verlin & Galfand,* for appellant.

*Mark Sendrow* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1971:

On October 27, 1965, the appellant, John Henry Lewis, while represented by court-appointed counsel, A. Charles Peruto, Esq., and Edmund Pawalec, Esq., entered a general plea of guilty to murder. Before the plea was accepted, the trial court directed several questions to the accused personally, and Lewis' replies clearly indicated he was entering the plea of his own volition and also that he was fully aware of the consequences. After an evidentiary hearing before a three-judge court, Lewis was adjudged guilty of murder in the first degree and sentenced to life imprisonment. No appeal was entered.

In October 1968, Lewis instituted post-conviction relief proceedings challenging the validity of his conviction and sentence. After a counseled evidentiary hearing, relief was denied and this appeal followed.[1] We affirm.

---

[1] The case was before us previously, but in that instance we remanded the record to the trial court for further proceedings for reasons not now pertinent. See 436 Pa. 590, 260 A. 2d 468 (1970).

To understand the two prime contentions asserted by Lewis in this appeal, a brief summary of the pertinent factual history is necessary.

About 7 p.m., on December 31, 1964, George Turk, an elderly male, left his place of employment in Philadelphia and proceeded to his automobile parked on a nearby street. As he entered the vehicle, Lewis also entered the vehicle with the intention of robbing him, and brutally beat Turk with his fists inflicting multiple injuries which resulted in death. Ellis Banks aided Lewis in the commission of the crimes by serving as a lookout from a point about 30 feet away. On January 4, 1966, Banks, in response to police questioning, admitted his part in the commission of the crimes and implicated Lewis as the actual perpetrator. Lewis was taken into custody later the same day, and shortly thereafter gave the police a written confession detailing the circumstances of the assault and robbery.

Banks was called to trial first and was convicted by a jury of murder in the first degree and robbery. After judgments of sentence were imposed, appeals were filed and we subsequently reversed the judgments and convictions, because the incriminating admissions Banks made to the police and which were used against him at trial had been obtained without a prior warning of his right to remain silent. See 429 Pa. 53, 239 A. 2d 416 (1968). On retrial, after pleading guilty to murder generally, Banks was adjudged guilty by the court of murder in the second degree and sentenced to imprisonment for a term of 5 to 20 years.

After Banks had originally been convicted by a jury, as before related, but before these convictions were reversed by this Court, Lewis was called to trial and, as previously noted, entered a general plea of guilty to murder. It is now urged that the guilty plea was not knowingly and intelligently entered because it was the

"unappreciated product" of Banks' "unlawful confession," Lewis' own "unlawful arrest" and subsequent "unlawful confession."

As to the allegation that the guilty plea was the "product" of the "unlawful" confessions, this is completely refuted factually by Lewis' own testimony at the post conviction relief hearing below, when he candidly admitted that he plead guilty solely because his counsel advised him that such would lessen the possibility of his receiving a death penalty sentence, and also that the confessions of Banks and himself had nothing to do with his entering a plea of guilty. Moreover, even though the confessions were "unlawfully" obtained, i.e., in the absence of required constitutional warnings, this in itself, does not invalidate the guilty plea. *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970). However, if the confession given by Lewis to the police which was subsequently used against him during the adjudication of guilt proceedings were obtained in the absence of required constitutional warnings, this could invalidate the adjudication of guilt of murder in the first degree and require a new hearing to determine the degree of guilt. *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970).

An examination of the record fails to disclose that before the confession was given, Lewis was advised of his right to remain silent. Since the guilty plea was entered subsequent to *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), but prior to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), the absence of such a warning would, in itself, prohibit evidentiary use of the confession. *Commonwealth v. Jefferson*, 423 Pa. 541, 226 A. 2d 765 (1967). But the record further discloses that not only was the confession introduced in evidence without objection, but was received by the trial court after defense counsel specifically informed

the court that Lewis personally desired that the statement be read into the record without objection. Under such circumstances, the admissibility of the confession may not be challenged now. In view of this, it is unnecessary to reach the question of whether or not the confession was tainted and rendered inadmissible in evidence, because it was the product of an unlawful arrest, i.e., one lacking probable cause, since it was based on the "unlawful" admissions of Banks. However, we must note that because evidentiary use of Banks' admissions to the police were proscribed in his trial, it does not necessarily follow that the information gained therefrom would not constitute probable cause.

It is next urged that Lewis was denied constitutional due process and equal protection of the law, because his co-felon, Banks, although equally guilty under the law[2] was adjudged guilty by the court of murder in a lesser degree, and given a less substantial punishment.

The Equal Protection Clause in the United States Constitution is directed at every form of state action: legislative, executive and judicial. *Shelley v. Kraemer*, 334 U.S. 1, 68 S. Ct. 836 (1948). It not only proscribes the enactment of discriminatory laws, but also the discriminatory enforcement of laws which are fair on their face. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064 (1886). See also, Note, Discriminatory Law Enforcement and Equal Protection From the Law, 59 Yale L.J. 354 (1950).

While some courts have ruled that the Equal Protection Clause does not apply to the enforcement of

---

[2] At common law, participants in the commission of a felony were classified by degree. However, The Pennsylvania Penal Code of 1939, Act of June 24, 1939, P. L. 872, §1105, as amended, 18 P.S. §5105, provided that all such participants shall be indicted, tried and punished as principals.

state criminal laws,[3] we are compelled to a different conclusion. In our view, discriminatory enforcement of the criminal laws is constitutionally prohibited if the discrimination is purposeful or intentional. Cf. *Edelman v. California*, 344 U.S. 357, 73 S. Ct. 293 (1953); *Snowden v. Hughes*, 321 U.S. 1, 64 S. Ct. 397 (1944); *Ah Sin v. Wittman*, 198 U.S. 500, 25 S. Ct. 756 (1905); and, *People v. Utica Daw's Drug Co.*, 16 App. Div. 2d 12, 225 N.Y.S. 2d 128 (1962). See also Comment, The Right to Nondiscriminatory Enforcement of State Penal Laws, 61 Col. L. Rev. 1103 (1961).

In the instant case, while Banks received less punishment than the appellant, Lewis, this fact, in itself, does not establish that the court acted with purposeful and intentional discrimination against Lewis, and there is nothing else in the record to warrant such a conclusion.

We have considered every reason asserted by Lewis in support of his contention that his conviction or sentence should be reversed, but are not so persuaded.

Order affirmed.

---

[3] For example, see, *United States ex rel. Miller v. Rundle*, 270 F. Supp. 55 (E.D. Pa. 1967).