## Commonwealth v. Kindness

*Edwin W. Frese, Jr., Deputy District Attorney*, for Commonwealth.
*William H. Nast, Jr.*, for defendant.

LIPSITT, *J.*, April 15, 1975—In this proceeding, Charles E. Kindness raises engaging quodlibets relative to the interpretation and constitutionality of the Accelerated Rehabilitative Disposition Program (ARD) as established by Pa. Rules of Criminal Procedure 175 through 185 adopted by the Supreme Court on May 24, 1972.

The aforementioned rules, according to the comments found in 19 Purdon Statutes were based

upon a practice permitted by the Supreme Court in Philadelphia County since 1971. Because many defendants were charged with minor offenses, often involving social and behavioral problems, and delays were encountered for inordinate lengths of time awaiting trial, this procedure was established primarily for the purpose which the title expresses, to accelerate the disposition of cases. In general, the program has been directed to first offenders accused of nonviolent, lesser types of misdeeds in need of rehabilitation who are placed on probation for a period up to two years and, if the conditions of probation are completed satisfactorily, the charges are then dismissed. The rules permit the district attorney upon his own motion or upon request of a defendant's attorney to submit a case to a judge for consideration for ARD.

Defendant here, Charles E. Kindness, was arrested, indicted and his trial was scheduled on the charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1037, 75 P.S. §1037. He has alleged he had no prior conviction of a crime and caused no damage to the person or property of another in connection with the offense for which he was indicted. His attorney, believing his client worthy of ARD, asked the district attorney to present the case to the appropriate judge for consideration. In the exercise of his discretion under Rule 176 of the Pa.R.C.P., the district attorney refused. Thereupon, defendant through his counsel filed a "Motion for Submission of Case for Consideration under Accelerated Rehabilitative Disposition Program." The court entered an order on the petition instructing the district attorney to file an answer, which he did. The matter was then

argued before the court en banc on the petition and answer. This course in itself may appear unconventional, as it has ironically caused a "delay" in "accelerated" disposition. Perhaps the question could have been preserved on an appeal to the Superior Court. However, in view of the interest by both the court and members of the bar, a determination will be made on the basic issues.

Defendant has advanced a two-pronged argument to sustain his position. In his principal contention, he does not attack the constitutionality of the rules per se, but rather the mode of application in Dauphin County where the district attorney has uniformly excluded this type of case from participation under ARD, and, by reason of this policy, defendant asserts his right to equal protection under the laws as guaranteed by article XIV of the United States Constitution has been violated. Secondly, defendant claims it is a violation of his rights under the equal protection of the law to reject offenders charged with operating a motor vehicle while under the influence of intoxicating liquor from ARD in Dauphin County while they are included in other counties in Pennsylvania.*

Relative to the first premise, so far as the rules are concerned, the discretion of the district attorney is absolute. The plain language of Rule 176 provides that the district attorney "may" move the case to be considered for ARD. It would be difficult to find language more clearly intended to give broad discretion to the district attorney in all situations. In-

---

*In this connection, it should be noted that not all counties have accepted the ARD program and some, like Dauphin County, have the program but do not apply it in "drunken driving" cases.

cluded are those cases where a request comes from the attorney for defendant. There is nothing in the rules requiring, or even suggesting, that the district attorney must submit, or the court approve, any cases of the instant nature for disposition. The rules authorize; they do not direct. There may be sound reasons why some counties do not need, or regard it inadvisable to employ, these rules. There are no counties where crimes such as murder, rape, armed robbery and the like are embodied in the ARD system.

In this litigation, defendant contends the district attorney has violated his right to equal protection because this type of case is not submitted for ARD while other infractions are submitted which provide for a substantially similar penalty. Parenthetically and not part of the record, it may be acknowledged that the practice of the district attorney of this county is carried out with the approval of the judges of this court.

As the equal protection clause of the Fourteenth Amendment is addressed to every form of State action, legislative, executive and judicial, it encompasses the rules of the court as well as statutes. The clause not only proscribes the enactment of discriminatory laws and rules, but also the discriminatory enforcement of those which are fair on their face. See Commonwealth v. Lewis, 443 Pa. 305, 310 (1971). But this does not mean that a State may not recognize differences and create classifications which are based upon reasonable and not arbitrary or capricious or unjustly discriminatory differences or which exist by virtue of the very nature of the subjects or persons being classified. While the discretion is not absolute, in a multitude of cases the courts have granted wide latitude to

create reasonable classifications: Commonwealth v. Daniel, 430 Pa. 642, 648-49 (1968).

The Fourteenth Amendment does not impose such a technical and legalistic uniformity upon all persons and human transactions as to preclude wise differentiations. Classifications are permissible when founded upon reason and logic; they are prohibited only when arbitrary and capricious: Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 307 (1937). Of course, neither a district attorney nor the court could exclude from accelerated disposition a defendant because of his race, sex, national origin, political affiliation, length of hair, age, or any similar reason, a form of discrimination frequently referred to by the United States Supreme Court as invidious.

Is the decision of the district attorney and the court of the county not to apply the accelerated disposition rules to cases of operating under the influence of intoxicants a classification based on "reason and logic" or is it "arbitrary and capricious?"

Approximately 50,000 people are killed in the United States each year in highway accidents. It is beyond dispute that operators under the influence are responsible for thousands of injuries and hundreds of deaths in Pennsylvania each year.

Meaningful statistics are difficult to come by and to apply, but it is not beyond probability to assume from available information that more deaths are caused each year in Pennsylvania by intoxicated drivers than by murderers. This is related only to demonstrate that the offense is both serious and unique. There is a rational basis and a compelling State interest to place "drunken driving" in a status

separately from other crimes to which the accelerated disposition rules are applied in this county.

The legislature has provided that a person convicted of this offense *must* lose his privilege to operate a motor vehicle in Pennsylvania for a period of one year. This is a serious penalty and is in actuality the reason for defendant to raise the constitutional point. Under ARD, the law would not require that his license to operate a motor vehicle be revoked for one year.

The fact that these rules were promulgated by our Supreme Court rather than the General Assembly certainly does not reduce the strong presumption the law gives to the constitutionality of statutes, nor lessen the heavy burden carried by one claiming them to be unconstitutional. Thus, defendant carries "a very heavy burden," which is met only if the rules or their application violate the Constitution "clearly, palpably and plainly.": Sharpless v. Mayor of Philadelphia, 21 Pa. 147 (1853); Daly v. Hemphill, 411 Pa. 263, 271 (1963); Loomis v. Philadelphia School District, 376 Pa. 428, 431 (1954).

ARD is essentially a judicial ascertainment of the method of correction to be imposed by the court. It adds to the alternatives of imprisonment, fine and post-conviction probation a new choice of pre-conviction probation. Not only have the requirements of probation extended almost to the limits of a judge's imagination, but the resort to probation as to particular malefactions has a wide range. The present rules for accelerated disposition must be looked upon as a variation or extension of the use of probation.

To extend the rules beyond the theory that they are merely an extension of probation would raise

serious constitutional questions of separation of powers. If the purpose of the rules was to prevent prosecution for a crime, it would appear to be a pre-conviction pardon; and if the purpose was to change penal requirements, it would appear to infringe upon the power of the legislature to decide what conduct should constitute crimes and its power to prescribe what punishment should be imposed by the courts for such conduct.

Probation, as parole, is a matter of mercy rather than a matter of right. The court is not compelled to put a person on probation. A defendant has no legal standing to say that he *must* be placed upon probation which is what defendant is seeking here. Acceptance into ARD is simply not a fundamental constitutional right.

What has been aforestated is generally enmeshed in both arguments of defendant respecting the equal protection clause of the Fourteenth Amendment, but a few words may be added concerning the different utilization of the rules by district attorneys in different counties.

The Fourteenth Amendment with the equal protection clause is common to all people in the United States. Nevertheless, all inequality of treatment of individuals is not violative of the Fourteenth Amendment. Probation is more extensively used in some counties and by some judges than in other counties and by other judges. And in certain counties, some offenses are considered more serious than in others.

Defendant cites two recent cases of the Supreme Court of the United States which we have examined and are deemed inapposite. Bell v. Burson, 402 U.S. 535 (1971), dealt with procedural due process. The Supreme Court reversed a Georgia

court where a person who had an automobile accident and posted no security had his license revoked without being afforded a hearing to determine whether he was at fault or had violated any rules of the road. In Stanley v. Illinois, 405 U.S. 645 (1972), a child was taken from its unwed father without a hearing on his fitness as a parent. Again, the Supreme Court said that the due process clause entitled this father to a hearing as to his fitness. Defendant here believes he has a right to a hearing under the ARD process equating his standing to those individuals in question in the Bell and Stanley decisions. But, as observed, the court was basing its rulings upon the due process clause and not equal protection, which was not pertinent. Admittedly, the concepts of due process and equal protection are closely allied. Anyone facing legal difficulties, civil or criminal, has a right to fair treatment and may be heard. Together, due process and equal protection enable the ends of justice to be realized. No one would deny to Mr. Kindness a trial or hearing on the question of his guilt or innocence and the type of punishment, if any, he should undergo within the limits of statutory law. However, equal protection does not provide him with the prerogative to decide his own method of correction. Inequality of treatment is not inherently a violation of equal protection where the law allows a fair election between forms of treatment. A county cannot be held to be acting unconstitutionally because it chooses to deal with "driving under the influence" in a certain manner which it deems necessary because another county takes another perspective of its problems.

Finally, while intentions do not make actions constitutional, the Pennsylvania Supreme Court in

promulgating the ARD Rules must have contemplated the potential for differentiations between counties. The unlimited discretion given to the district attorney and to the courts without guidelines, none of which are contained in the rules, presupposes diversity among counties as to the classes of cases subject to acceleration. It may only be concluded that our Supreme Court views ARD as a permissible diversion from the ordinary criminal procedure and not a mandate for inclusion in a county's established criminal system.

Consilient with this discourse, we enter the following

## ORDER

And now, April 15, 1975, the motion of defendant, Charles E. Kindness, for consideration under the Accelerated Rehabilitative Disposition Program is denied, and the district attorney is directed to call this case for trial.