## Commonwealth v. Rios

*James J. Narlesky, Assistant District Attorney*, for Commonwealth.

*Margaret Poswistilo, Assistant Public Defender*, for defendant.

WILLIAMS, *J.*, May 16, 1978—This matter is before the court on defendant's motion to quash an information charging him with the crime of escape. Defendant, William Rios, maintains that the section of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §5121, under which he is prosecuted is unconstitutionally vague and discriminatorily enforced. We disagree and, therefore, deny the motion.

The relevant facts are as follows: On May 10, 1977, defendant was arrested by a Bethlehem police officer on a warrant charging him with burglary. After defendant had been fingerprinted and photographed at Bethlehem police headquarters, the arresting officer left defendant in an interview room and went across the hall to arrange for defendant's arraignment. Defendant was neither attended nor restrained at this time so the arresting officer sent another officer to watch defendant. Within seconds, Officer Jordan, the officer dispatched to guard defendant, informed the arresting officer that the interview room was deserted. Despite an immediate search by the officers, defendant could not be found. On or about June 3, 1977, defendant was found, arrested and charged with the crime of escape: Act of December 6, 1972, P.L.

1482, sec. 1, 18 P.S. §5121(a). Defendant subsequently made a request to bring a private criminal charge against the arresting officer for the crime of permitting escape.[1] The request was refused by the magistrate[2] and ignored by the District Attorney's office.

Defendant here maintains that there are insufficient distinguishing criteria between those sections of the Crimes Code which define, respectively, the crime of "escape" and the crime of "resisting arrest" and that, therefore, the escape section under which he is charged is unconstitutionally vague. He further contends that this vagueness offends the notion of due process and, in addition, results in an improper delegation of the legislative function to the police and/or magistrates. This latter contention is based on the argument that vagueness in the Crimes Code permits identical acts to be categorized differently, wholly upon the individual opinions and predilections of the police and/or magistrate, thus resulting in discriminatory criminal charges. The gist of defendant's complaint is that, given his actions, vagueness in the code permitted his arresting officer to charge him either with escape, a felony with a maximum penalty of seven years imprisonment,[3] or with resisting

---

1. Act of December 6, 1972, P.L. 1482, sec. 1, 18 P.S. §5121(b).

2. The magistrate so held on the basis that there had been no probable cause shown.

3. The grading of the offense is based upon the seriousness of the criminal charge against the prisoner or arrestee or upon the employment of force or violence to effect the escape. In this case defendant was charged with a felony when he fled; therefore, an escape conviction here would be a felony.

arrest, a misdemeanor with a maximum penalty of two years imprisonment. Such choice, he argues, is impermissible.

We do not accept defendant's contention that the statute is vague and thus we disagree with all arguments based on this underlying premise.[4] The standard which governs the disposition of defendant's challenge of the statute is as follows: "A criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Com. v. Heinbaugh, 467 Pa. 1, 5, 6, 354 A. 2d 244 (1976). "Statutes which are challenged on the ground of vagueness are not, however, to be tested against paradigms of legislative draftsmanship. . . . Rather, the requirements of due process are satisfied if the statute in question contains *reasonable* standards to guide the prospective conduct." Com. v. Heinbaugh, supra. (Emphasis in original.)

Analysis of the applicable statutory scheme as a whole reveals that the escape statute is sufficiently definite so that men of common intelligence need not necessarily guess at its meaning or differ as to its present application. Under the section entitled "Obstructing Administration of Law or Other Governmental Function," the Crimes Code provides: "A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical inter-

---

4. With regard to the claim of improper delegation, see Com. v. Howard, 248 Pa. Superior Ct. 246, 375 A. 2d 79 (1977).

ference or obstacle, breach of official duty, or any other unlawful act, *except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest*, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions." (Emphasis supplied.)[5] In the comments to this section in Tentative Draft 8 of the Model Penal Code, at page 128, it is stated as follows:

" '(5) Exceptions. The exceptions in Section 208.30 for flight, refusal to submit to arrest, and other forms of non-submission to authority, are necessary to prevent an overly broad application of the terms "physical interference" and "unlawful act." *One who runs away from an arresting officer or who makes an effort to shake off the policeman's detaining arm might be said to obstruct the officer physically.* A person who violates a condition of his probation or parole by going to a forbidden place would be engaged in an unlawful act. Failure to file tax returns or other required documents may be unlawful and properly punishable by special provisions. *But these are not cases within the contemplation of a section concerned with affirmative subversion of government processes.*' " (Emphasis supplied.) Pennsylvania Crimes Code and Criminal Law, Kingsley A. Jarvis, §5101.

Thus, it initially becomes obvious that the Pennsylvania legislature neither desired nor intended to make criminal mere flight from arrest, at least not under section 5101.

---

5. Act of December 6, 1972, P.L. 1482, sec. 1, 18 P.S. §5101.

Examination of the section on resisting arrest and case law thereunder reaffirms this proposition with regard to that section. Section 5104 of the Crimes Code, entitled "Resisting Arrest or Other Law Enforcement," provides: "A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."[6] In Com. v. Meo, 233 Pa. Superior Ct. 483, 334 A. 2d 748 (1975), the court held that the accused's act of "running away" from the police, both in his car and later on foot, while not to be condoned, did not constitute a violation of the resisting arrest section of our penal laws. See also Com. v. Steele, 9 Centre 445 (1974). Thus, we learn that defendant's act of flight is cognizable under neither the "obstructing justice" section nor the "resisting arrest" section. To categorize it as criminal we must look elsewhere.

The section now under scrutiny provides: "(a) Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period."[7] The section further provides that "the phrase 'official detention' means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged to be found to be

---

6. Act of December 6, 1972, P.L. 1482, sec. 1, 18 P.S. §5104.

7. Act of December 6, 1972, P.L. 1482, sec. 1, 18 P.S. §5121(a).

delinquent . . ." Mere perusal of this section, in light of the above analysis and the pertinent facts concerning defendant's premature departure, demands the conclusion that the only criminal statute under which defendant's acts were cognizable is that section of the Crimes Code entitled "escape." Defendant's conduct represents an act of flight by a person charged with a crime. As such, it represents behavior specifically proscribed by the escape section of the code. That this behavior is proscribed separately and distinctly from that proscribed in either the resisting arrest section or the obstructing justice section is readily apparent. The latter section specifically excepts defendant's behavior and the resisting arrest section has been judicially interpreted as exempting peaceful flight from its proscription. Here, defendant was under arrest when he peacefully fled, thus his acts constitute the crime of escape.

As for defendant's claim that the crime of escape is discriminatorily enforced because the criminal justice system has refused to honor his request to bring prosecution against the arresting officer under the criminal statute known as "permitting escape," we note that although the Equal Protection Clause does apply to the enforcement of our state criminal laws, discriminatory enforcement is constitutionally prohibited only if the discrimination is purposeful or intentional: Com. v. Lewis, 443 Pa. 305, 279 A. 2d 26 (1971). Suffice it to say that, in our opinion, the single fact alleged by defendant does not, in itself, establish that the police, magistrate and/or the district attorney acted with purposeful and intentional discrimination against defendant. See Com. v. Lewis, supra; United States v.

Greenlee, 517 F. 2d 899 (3d Cir. 1975).

Wherefore, we make the following

### ORDER

And now, May 16, 1978, defendant's motion to quash the information filed against him along with the criminal complaint and magistrate's transcript is hereby denied and dismissed.