Baptist Children's House, Petitioner v. Commonwealth of Pennsylvania, Industrial Board of Department of Labor and Industry, Respondent.

Argued February 7, 1980, before Judges Crum-lish, Jr., Mencer and Craig, sitting as a panel of three.

*Raymond Jenkins,* with him *George B. Ditter,* for petitioner.

*Daniel R. Schuckers,* with him *Susan Shinkman,* Assistant Attorney General, for respondent.

Opinion by Judge Mencer, May 7, 1980:

This is an appeal by the Baptist Children's House (petitioner) from an adjudication by the Industrial Board of the Department of Labor and Industry (Board).

Petitioner owns and operates a group foster home located in a single-family residence and occupied by Mr. and Mrs. Steven McKee (houseparents), their two children, and five foster children. On January 19, 1977, the Department of Labor and Industry (Department) issued an order directing petitioner to sub-

mit plans which demonstrate the group home's compliance with the Fire and Panic Act (Act), Act of April 27, 1927, P.L. 465, *as amended*, 35 P.S. §1221 et seq., and regulations promulgated thereunder.

On June 20, 1977, the Department issued an order to show cause why, *inter alia*, petitioner should not be directed to comply with Section 8 of the Act, 35 P.S. §1228,[1] and further, why, by its noncompliance, the premises should not be vacated, in accordance with Section 12 of the Act, 35 P.S. §1232.[2] After a hearing, the Board found that the group home was subject to, and was being operated in violation of, the Act. The Board ordered that the Department institute an order to vacate and denied petitioner's request to vacate the order to show cause. This appeal followed. We reverse.

The Department determined that petitioner's group home is subject to its regulations under Section 2 of the Act, 35 P.S. §1222, which provides that

[1] Section 8, in pertinent part, requires "[t]he owner . . . of every building or structure, as described in this act, . . . to submit to the Department of Labor and Industry for approval, architectural drawings, specifications, or other data showing compliance with the provisions of this act and the rules and regulations of the said department. . . ."

[2] Section 12 provides, in pertinent part:

Whenever the owner of any building or structure, as described in this act, shall fail to comply with the provisions of this act, . . . and upon whom a written order shall have been served by the Department of Labor and Industry to comply with the said provisions of this act . . . and who nevertheless shall have failed to comply with the said written order within the time specified in the same, the Department of Labor and Industry shall be authorized to immediately order the building or structure to be vacated or placed out of service until such time as the requirements of this act and the rules and regulations of the Department of Labor and Industry shall have been fully complied with.

"[t]enement houses, apartment houses, apartment hotels, club houses, lodging houses, and rooming houses" are Class IV buildings covered by the Act and under Department regulations, found at 34 Pa. Code §37.1, which define "lodging house" and "rooming house" as "boarding house," which is defined as "[a]ny building, except a hotel, inn, or tavern, in which persons are lodged, for a day or night or longer period, for consideration." Petitioner argues that it is not subject to the Department's regulation under the Act and that the Department's determination to the contrary is in error. We agree.

This group home was established by petitioner in order to provide family-oriented care for five foster children, the majority of whom are wards of the Commonwealth, under the supervision of a married couple who are full-time professional child-care workers. The house is a single-family dwelling and the living arrangements are those of a single family. Petitioner receives some funding from state and local welfare agencies.

While, in a broad sense, the terms "lodging house," "rooming house," and "boarding house," as defined, might encompass this group home arrangement, we do not believe the legislature intended this result.

First, we do not believe that a group home supported, as here, entirely by a nonprofit corporation which is funded in part by governmental agencies is a dwelling "in which persons are lodged . . . for consideration," as those terms are commonly understood.

Second, if the Department's interpretation were accepted, its definition of a boarding house could well include any home in which foster children are placed. As such, the Department's interpretation seems un-

reasonably broad in light of the extensive regulation contemplated by Section 1 of the Act, 35 P.S. §1221, and therefore may not be imputed to the legislature. 1 Pa. C.S. §1922(1).

An administrative agency may exercise only those powers which the legislature has granted it, either expressly or by necessary implication, and the grant must be clear and not doubtful. *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp.*, 476 Pa. 302, 310, 382 A.2d 731, 735-36 (1978). In this case, we find that the Department exceeded its authority in attempting to regulate petitioner's group home in reliance upon an overbroad and doubtful application of the definition of lodging and rooming houses as found in the Act.

### Order

And Now, this 7th day of May, 1980, the order of the Industrial Board of the Department of Labor and Industry, dated June 27, 1978, directing the Department to institute an order to vacate against Baptist Children's House and vacating the request of the Baptist Children's House to vacate the Department's order to show cause issued June 20, 1977, is reversed.

President Judge Bowman did not participate in the decision in this case.