588 A.2d 113

**Oliver J. ORTH and Judith Orth, his wife, Petitioners,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 1990.

Decided March 14, 1991.

444

Oliver J. Orth, for himself, Allentown, petitioners.

Robert S. Dougherty, Asst. Counsel, Harrisburg, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal by Oliver J. Orth and Judith Orth (Orths) from an adjudication of the Industrial Board (Board) of the Department of Labor and Industry (Department) which ruled that they were in violation of the Fire and Panic Act.[1]

The Orths own a three-story building in Lehigh County which has been their home since 1983. In 1985, they began to rent rooms in their home to overnight guests in the fashion which is commonly referred to as "Bed and Breakfast". A substantial portion of the first-floor living area and the entire second floor, consisting of five bedrooms, are open to their guests. On May 9, 1989, the Orths' home was inspected by a representative of the Department, Bureau of Occupational and Industrial Safety. As a result of this inspection, a notice of violations and order of compliance was issued citing violations of several sections of the regulations promulgated under the Fire and Panic Act. The Orths filed an appeal, arguing primarily that their home was exempt from regulation, and a hearing was held before the Board on August 29, 1989. The Board issued its adjudication, dated January 30, 1990, and concluded that the Orths' bed and breakfast was subject to the Fire and Panic Act. The Orths have now appealed to this Court.

The Orths have preserved two issues in their appeal. The first is that their home is exempt from regulation under the Fire and Panic Act because it is a single-family residence. The second is that their home is not used primarily for group habitation and, therefore, does not fall within the regulations.[2]

---

1. Act of April 27, 1927, P.L. 465, *as amended*, 35 P.S. §§ 1221–35.
2. Our scope of review is limited to determining whether constitutional rights were violated, whether the decision was rendered in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Under the authority of the Fire and Panic Act,[3] the following regulations have been adopted and are relevant to this appeal.

34 Pa.Code § 50.1(d)

*Group C—Group Habitation.* Buildings primarily used or designed for the purpose of habitation by four or more persons shall be classified as Group C—Group Habitation.

. . . .

(3) *Division C-3.* This Division shall apply to a building which only has a single living unit where four through eight residents are in group habitation. Small personal care homes, dormitories, lodging houses, orphanages, children's residential institutions, group homes, group foster homes, and the like having four through eight residents shall be in this classification.

34 Pa.Code § 49.1

*Resident*—A person, unrelated to the owner or operator, who resides in a facility in return for consideration.

34 Pa.Code § 49.2(b)

Chapter 49–59 shall not apply to single family residences. . . .

■ The Orths argue that § 49.2(b) exempts their home from regulation because the zoning ordinances and the special exception under which they operate their bed and breakfast require that the building be a private single-family detached dwelling unit. This classification of the Orths' home, however, is for the purposes of the local zoning ordinances. When examining the applicability of the Fire and Panic Act, a state statute, and the accompanying regulations, we must turn to the language of the regula-

---

**3.** Section 2 of the Fire and Panic Act, 35 P.S. § 1222, includes the types of buildings covered by the Act.

*Class IV Buildings.*—Tenement houses, apartment houses, apartment hotels, club houses, lodging houses, and rooming houses.

tions and the definitions contained therein.[4]

■ Under the Department's regulations, a building housing four through eight residents in a single living unit is classified in Division C–3. 34 Pa.Code § 50.1(d)(3). A "resident" is a person, unrelated to the owner, who resides in the building in return for consideration. 34 Pa.Code § 49.1. When these sections are read in conjunction with § 49.2(b), it is apparent that a building housing three or less "residents" would be exempted under the "single family residence" language. Conversely, a building housing four through eight "residents" ceases to be a mere private residence and has assumed the characteristics of a lodging house.

We have previously examined the term "lodging house" as used in 35 P.S. § 1222. In *Baptist Children's House v. Industrial Board of Department of Labor and Industry,* 51 Pa.Commonwealth Ct. 227, 414 A.2d 159 (1980), we were confronted with a group foster home, supported entirely by a nonprofit corporation, and conducted as a single family living arrangement. With regard to the definition of "lodging house", we held that such an arrangement was not a situation "in which persons are lodged ... for consideration". *Id.,* 51 Pa.Commonwealth Ct. at 230, 414 A.2d at 161.

In *Asper v. Haffley,* 312 Pa.Superior Ct. 424, 458 A.2d 1364 (1983), the Superior Court was presented with a question concerning the term "lodging house"[5] and its application to a one-story single-unit residential dwelling which was rented by Asper and his four daughters. In addition to applying the single family dwelling reasoning in *Baptist Children's House,* the court recognized that a "lodging house" commonly involves "the providing of additional ser-

---

4. We must, of course, reject any implication by the Orths that the local ordinance would supersede the state statute. *Holland Enterprises, Inc. v. Joka,* 64 Pa.Commonwealth Ct. 129, 439 A.2d 876 (1982).

5. Although 34 Pa.Code § 37.1, the regulation defining "lodging house", was rescinded in 1984, 14 Pa.B. 1765 (1984), we believe the reasoning in *Baptist Children's House* and *Asper* is instructive.

vices other than the leasing of living quarters". *Id.*, 312 Pa.Superior Ct. at 429, 458 A.2d at 1367.

The record here establishes that the Orths have five rooms with two beds in each which they make available to guests on a per-night fee basis.[6] The Orths also furnish breakfast and housekeeping services to their guests. There is no evidence that their guests are members of their family or that the Orths provide accommodations gratuitously. To the contrary, evidence submitted by the Orths indicates that they received $15,000 in fees in 1989.[7] We believe, therefore, that the building in question has been properly classified as a lodging house under Division C–3.

 The Orths also take issue with the Board's conclusion that their home is used *primarily* as a bed and breakfast. They argue that because they rented only 120 rooms during 1989, far less than half of the rooms available, the primary use of their home was as a private residence. The Board addressed the use of the word "primarily" in 34 Pa.Code § 50.1(d) in its decision. Its interpretation is that it is used to distinguish the various categories of regulated uses, not to determine whether a building is or is not subject to regulation. As the Board points out, the fact that the Orths' vacancy rate exceeded 50% does not negate the hazards against which the Commonwealth seeks to protect its citizens through the Fire and Panic Act. Where an administrative agency has interpreted its own regulations, that interpretation must be given controlling authority unless (1) it is inconsistent or plainly erroneous or (2) it is inconsistent with the underlying legislation. *Montgomery County Geriatric and Rehabilitation Center v. Department of Public Welfare*, 75 Pa.Commonwealth Ct. 248, 462 A.2d 325 (1983).

---

**6.** Although their capacity is ten guests, the Board's order required the Orths to maintain a maximum of eight guests to remain in compliance with Division C–3.

**7.** One hundred twenty rooms at $125.00 a night. (N.T. at 14; Hearing Exhibit, P.E. # 14).

Within these guidelines, we find no error in the Board's interpretation of the regulation and believe that it furthers the interest of the Commonwealth in providing safe, temporary lodgings for its citizens.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 14th day of March, 1991, the decision of the Industrial Board of the Department of Labor and Industry, Case No. 1518–BW–S, dated January 30, 1990, is hereby affirmed.

KELLEY, J., dissents.