[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: NOTION TO STRIKE (#120)
On April 7, 1994, A. C. Neilsen Co., (Neilsen), filed a three count product liability and negligence complaint against Wang Laboratories, Inc. (Wang), CMIC and GECC.[1] The complaint alleges water damage and damage to fixtures and equipment suffered by Neilsen when the office space Neilsen was leasing was flooded due to the discharge of water from a sprinkler system located within the building. The sprinkler system's discharge was in response to a fire allegedly caused by a defective Wang computer located in office space leased by GECC, one floor above the space leased by Neilsen. CMIC owned the building at the time of the fire.
Count one of Neilsen's complaint alleges product liability against Wang. Count two alleges that CMIC negligently failed to provide a building free of structural defects, and failed to CT Page 1172 equip the building with a fire suppression system capable of providing adequate fire protection without causing undue damage to space leased by the tenants. Count three alleges that GECC negligently allowed the Wang computer to overheat, failed to inspect the computer and failed to remove the computer from flammable objects.
On August 5, 1994, CMIC filed a four count cross complaint against GECC and Wang. Counts two and three, which are the subject of the present motion to strike, both name GECC as the sole defendant and are entitled "contractual indemnity . . ." and "common law indemnity . . ." respectively. On November 9, 1994, GECC filed a motion to strike counts two and three of the cross-complaint on the grounds that in count two, the CMIC fails to state a cause of action distinct from that alleged in count one of the cross complaint and that in count three, CMIC fails to allege the elements required to establish common law indemnification and that those elements cannot be established. CMIC filed a memorandum in opposition to the motion to strike on November 23, 1994.
The purpose of a motion to strike is "to test the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In deciding upon a motion to strike the court shall construe the facts alleged most favorably to the pleader. Novametrix MedicalSystems Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). If the facts provable under the allegations of the complaint would support a defense or cause of action, the motion to strike must be denied. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, ___ A.2d ___ (1994).
GECC argues in support of its motion to strike that count two of CMIC's cross complaint should be stricken because it alleges wrongs on the part of GECC and seeks relief that is identical to that alleged in count one, which alleges breach of contract. GECC contends that because no separate cause of action is stated in count two, that the count should be stricken so that the GECC and the court are not burdened with addressing identical allegations twice.
CMIC argues in opposition to GECC's motion that count two of the cross complaint alleges a separate cause of action and seeks different relief from that in count one. CT Page 1173
Although "[a] party cannot state the same cause of action twice against the same defendants in the same complaint . . .";General Electric Co. v. Bridgeport, 10 Conn. L. Rptr. 543
(December 21, 1993, Fuller, J.); "[a] motion to strike . . . is not the proper vehicle for the deletion of repetitious pleadings." Racine v. Kelly, Superior Court, judicial district of Windham, Docket No. 04 53 41 (December 15, 1993, Potter, J.). Rather, "[a] request to revise is the proper vehicle for the deletion of repetitious pleadings."[2] Id., citing Practice Book § 147; see also Johnson v. Kaiser Foundation Health Plan,
Superior Court, judicial district of New Haven at New Haven, Docket No. 03 12 41 (May 18, 1994, Gray, J.); Tata v. Morgan,
Superior Court, judicial district of Waterbury, Docket No. 11 92 15 (May 4, 1994, Sylvester, J.); Valley View Enterprises v.Connecticut Indemnity Co., Superior Court, judicial district of New London at New London, Docket No. 52 26 34 (April 20, 1993, O'Connell, J.); Delvecchio v. Mobil Oil Corporation, 1 CSCR 635
(August 12, 1986, Jacobson, J.). Therefore, GECC's motion to strike count one of CMIC's cross complaint is denied.
GECC next argues that count three of CMIC's cross complaint should be stricken because CMIC has failed to allege, nor can it establish the elements necessary to maintain an action in common law indemnification.
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought." (Internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck, Inc. 216 Conn. 65,74 279 A.2d 26 (1990). "Such proof requires the plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted). Id. See alsoWeintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982); Atkinson v. Berloni, 23 Conn. App. 325, 327,580 A.2d 84 (1990).
GECC argues in support of its motion to strike that CMIC CT Page 1174 has not pleaded and cannot establish that "GECC's negligence, rather than that of any other third party was the direct and immediate cause of the damage sustained by Neilsen" and that "GECC was in control of the situation producing the damage to the exclusion of CMIC and other third parties." GECC argues that because Neilsen alleged negligence against CMIC in the underlying complaint, CMIC is precluded from establishing a claim of common law indemnification.[3]
CMIC argues in response that it has sufficiently pleaded the above two elements and that allegations of negligence against it in the underlying complaint, do not preclude CMIC from alleging common law indemnification against GECC.
The court finds that CMIC's cross complaint sufficiently alleges each of the required elements of common law indemnification as set forth above. Moreover, "[t]he question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily for the trier of fact and not appropriate for disposition by the court on a motion to strike." Atkinson v. Berloni, supra,23 Conn. App. 328. In addition, even if the acts alleged against CMIC in the underlying complaint are acts of an affirmative nature, because "personal negligence . . . may be primary or secondary", the underlying allegations against CMIC do not preclude CMIC from stating a cause of action in common law indemnity. SeeWeintraub v. Richard Dahn, Inc., supra, 188 Conn. 572-73. Accordingly, GECC's motion to strike count three of CMIC's cross complaint is denied.
MAIOCCO J.