**Dorothy GNARRA, Petitioner,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY INDUSTRIAL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 14, 1995.

Decided May 5, 1995.

Reargument Denied June 19, 1995.

George W. Jacoby, for petitioner.

Richard C. Lengler, Asst. Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

NEWMAN, Judge.

Dorothy Gnarra (Gnarra) appeals a decision of the Department of Labor and Industry's Industrial Board (Board) that affirmed in part and reversed in part an order of the Department of Labor and Industry Bureau of Occupational and Industrial Safety (Bureau) requiring Gnarra to comply with the Fire and Panic Act.[1] We affirm the decision of the Board.

---

1. Act of April 27, 1927, P.L. 465, *as amended*, 35 P.S. §§ 1221–1235.1.

Gnarra is the elected tax collector for Economy Borough in Beaver County. Gnarra also serves by appointment as tax collector for the Ambridge Area School District. As a tax collector, Gnarra maintains an office in her home. Specifically, she converted half of her two car garage into an office and storage space. The total space within her residence that is dedicated to tax collection is an area twelve feet by twenty feet. The front half of this area, a twelve foot by ten foot space functions as the office open to the public. The rear portion of this space is closed to the public and is used to store records and as a passageway to Gnarra's residence.

Gnarra's office is open twenty-four hours a week and sometimes during the evenings. March, April, August, and September are busy months in terms of visits from the public. Gnarra has one assistant who works on a subcontracting basis. Typically, this assistant and Gnarra are not in the office at the same time. Periodically, another individual provides typing services to Gnarra.

Approximately ten percent of the taxpayers in Economy Borough visit Gnarra's home office per year. This means that four hundred to four hundred fifty Economy Borough citizens annually pay their taxes in person rather than by mail and come to the office established in Gnarra's residence.

On April 3, 1990, a citizen of Economy Borough came to Gnarra's home office to pay her taxes and fell on the premises. Because of this accident, Gnarra was sued, and the matter was settled by Gnarra's insurance company. However, this citizen requested an inspection of Gnarra's premises.

On April 27, 1993, the Bureau inspected Gnarra's home office at the request of the citizen who fell on the premises. No citation was issued after the Bureau's initial inspec-tion of Gnarra's home office. However, on April 29, 1993, the Bureau's inspector telephoned Gnarra and requested a copy of her Tax Collector's Manual to determine whether the Bureau had jurisdiction to cite Gnarra for violating the Fire and Panic Act.

On June 7, 1993, the Bureau's inspector returned to inspect Gnarra's home for a second time. On August 3, 1993, the Bureau issued an order based on the June 7, 1993 inspection and cited Gnarra for (a) no occupancy permit; (b) no approved plans; (c) no fire extinguisher; (d) the lack of an exit sign over the door; (e) the inward swing of the main door; and (f) the lack of a landing outside the door.

Gnarra failed to comply with the Bureau's order citation in a timely fashion. As a result of her noncompliance, the Bureau issued Gnarra an Order to Show Cause why her office should not be vacated under Section 12 of the Fire and Panic Act, 35 P.S. § 1232.[2]

Gnarra answered the Order to Show Cause. She argued the following: (1) her office should not be subject to the Fire and Panic Act; (2) she should be granted an extension of time to comply with the Bureau's order; and (3) she should be granted a variance to comply with the Bureau's order. The matter was transferred to the Board for a hearing on March 30, 1994.

On April 28, 1994, a three-member panel of the Board granted Gnarra (1) a variance for the door swing and a variance for the landing and (2) an extension of time to comply. The Board, however, rejected Gnarra's contention that her office was not subject to the Fire and Panic Act.

By letter dated May 13, 1994, Gnarra appealed the panel decision to the full Board, a quorum of which adopted the panel's decision

2. Section 1232 provides:
**Failure to comply with act**
Whenever the owner of any building or structure, as described in this act, shall fail to comply with the provisions of this act, or the rules and regulations of the Department of Labor and Industry formulated under the authority of this act, and upon whom a written order shall have been served by the Department of Labor and Industry to comply with the said provisions of this act and who nevertheless shall have failed to comply with the said written order within the time specified in the same, the Department of Labor and Industry shall be authorized to immediately order the building or structure to be vacated or placed out of service until such time as the requirements of this act and the rules and regulations of the Department of Labor and Industry shall have been fully complied with.

on the matter, thereby denying Gnarra's appeal. Now, Gnarra appeals the Board's decision to this Court.

■ On appeal, Gnarra argues that: (1) the Department of Labor and Industry (Department) does not have jurisdiction and enforcement responsibilities of her office in her private residence, and (2) the Department improperly accepted a private complaint to inspect Gnarra's home office.[3] Our scope of review in this matter is limited to a determination of whether constitutional rights were violated, whether the decision was rendered in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Orth v. Department of Labor and Industry,* 138 Pa.Commonwealth Ct. 443, 588 A.2d 113, *petition for allowance of appeal denied,* 528 Pa. 619, 596 A.2d 801 (1991).

■ Gnarra first contends that the Department improperly exercised jurisdiction of her office located in her private residence because the Fire and Panic Act is not applicable to a single family residential dwelling.

34 Pa.Code § 49.2(a) provides that the following buildings are subject to inspection and regulation by the Department:

(1) Class I buildings. Factories, power plants, ..., office buildings....

(2) Class II buildings. Theatres....

(3) Class III buildings. Public halls....

(4) Class IV buildings. Tenement houses....

(5) Class V buildings. Grandstands....

34 Pa.Code § 49.2(b) specifically exempts from the authority of the Department single family dwellings and buildings with less than four persons housed, employed or assembled throughout the building. Additionally, 34 Pa. Code § 50 divides the buildings over which the Department has jurisdiction into four specific categories. Gnarra argues that the tax office in her home does not fit into any of these four categories.

Gnarra thus contends that the Board erred when it determined that the Fire and Panic Act applies to the Borough's tax office that she maintains in her residence. She maintains that there are not four persons working in the office at any given time and that the Fire and Panic Act was not designed to be applied to the office that exists in her residence.

We disagree and find no error in the Board's decision. Gnarra's garage was remodeled for the specific purpose of operating a Borough tax office. There is no question that this space is an office. This Court in *Orth* held that owners of a bed and breakfast could not claim that their business was exempt from the Fire and Panic Act because it was located in their residence, a single family dwelling. The fact that the Orths lived in their home that doubled as a bed and breakfast did not negate the applicability of this act to the bed and breakfast. Similarly, the fact that Gnarra and her family live in the same structure that simultaneously houses a borough office does not negate the applicability of the Fire and Panic Act to this office.

We also note that the Board properly considered that the Fire and Panic Act is enforceable on Gnarra's office although four persons do not staff the office on a consistent basis. Section 1 of the Fire and Panic Act's purpose is to "provide for the safety of persons employed, housed or assembled in certain buildings and structures by requiring certain construction and ways of egress, equipment and maintenance." 35 P.S. § 1221. This act's purpose should be applied to protect the safety of the more than four hundred members of the public who visit Gnarra's home each year to pay their taxes. Moreover, these individuals come to the office during certain times of the year creating "busy seasons" in this structure. Based on these factors, the Board properly considered and applied the safety purposes underlying the Fire and Panic Act to Gnarra's home tax office.

■ Next, Gnarra argues that the Bureau improperly investigated her office based

---

3. Gnarra also requests that we consider her right to reserve the possible conflict that the Board's order has with the Americans with Disabilities

Act if this matter is remanded. However, because our disposition, we need not address this argument.

upon a complaint from a private citizen involved in a separate civil law suit against her for a slip and fall injury that occurred in 1990. It is Gnarra's position that the Board's investigation in this matter amounts to a selective enforcement of the law against Gnarra. Gnarra requests that this Court remand this case on this basis.

While Gnarra argues that selective enforcement of the law exists, she has failed to support this contention with anything more than a mere assertion. *See Wood v. City of Pittsburgh,* 74 Pa.Commonwealth Ct. 450, 455, 460 A.2d 390, 392 (1983). A claim of selective enforcement must exhibit evidence that intentional and purposeful discrimination exists in enforcement of the law. *Commonwealth v. Lewis,* 443 Pa. 305, 279 A.2d 26, *cert. denied,* 404 U.S. 1003, 92 S.Ct. 571, 30 L.Ed.2d 556 (1971). Gnarra has failed to establish any evidence that purposeful discrimination existed in the Board's enforcement of the Fire and Panic Act. Accordingly, this argument must fail.

Based on the foregoing, we affirm order of the Board.

### ORDER

AND NOW, May 5, 1995, we affirm the Order of the Department of Labor and Industry Industrial Board, dated June 1, 1994.